

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00031-CV

## IN THE INTEREST OF J.A.H., A CHILD

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2019-2166-4**

## MEMORANDUM OPINION

In three issues, pro se appellant, Freda Catherine Richie, contends that: (1) the trial court did not conduct a full, fair, and efficient hearing on her motion for modification of the trial court's prior order in suit affecting the parent-child relationship; (2) appellee, Russell Hardy, committed "Medical Negligence" by failing to continue with J.A.H.'s psychology treatments; and (3) Hardy committed "Educational Negligence" by failing to follow recommendations from J.A.H.'s school.[1] We affirm.[2]

---

[1] Despite notification from this Court that his appellee's brief was late, Hardy has not filed an appellee's brief in this matter.

[2] In light of our disposition, we dismiss all pending motions as moot.

## Background

In a child-support-review order signed on August 7, 2019, Hardy and Richie were named joint managing conservators of J.A.H., and Hardy was designated as the conservator who could determine the child's primary residence. Richie was ordered to pay Hardy $205 a month in child support and $113 a month for medical support for J.A.H. The trial court also determined that Richie owed $8,869 in retroactive child support and ordered Richie to pay $94.35 a month to the Office of the Attorney General for retroactive child support until J.A.H. reaches the age of majority. Thereafter, Richie was ordered to pay $275.35 a month until the child-support arrearage is paid in full.

On September 27, 2019, Richie filed a petition to modify the parent-child relationship, requesting that she be appointed the person who has the right to designate the primary residence of J.A.H., that she and Hardy be awarded physical possession of J.A.H. for an equal amount of time; that her child-support obligation be terminated; and that Hardy should be ordered to pay her child support. Richie also requested temporary orders that she have the exclusive right to made educational and medical decisions for J.A.H, among other things. After a hearing, the trial court denied Richie's motion for temporary orders.

Richie later filed a motion to refer this matter to mediation, which the trial court granted. Because the dispute was not resolved in mediation, it was set for a final hearing. After the hearing, the trial court signed an order on Richie's petition to modify the parent-

child relationship. In this order, which was signed on January 4, 2022, the trial court denied Richie's request to modify custody for J.A.H.; granted judgment in favor of the Office of the Attorney General for $4,742.93, which represented Richie's child-support arrearage at the time; and ordered Richie to pay Hardy $505.52 a month in child support and $25 a month for medical support. It is from the trial court's January 4, 2022 order that Richie now appeals.

**The Hearing on Richie's Petition to Modify the Parent-Child Relationship**

In her first issue, Richie contends that the trial judge did not conduct a full, fair, and efficient hearing because he told the attorneys that he did not need to examine every exhibit and that he was not concerned about what happened three or four years ago, but rather what was happening in November 2021, when the hearing occurred.

"Parties have a right to a fair and impartial trial." *Markowitz v. Markowitz*, 118 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Metzger v. Sebek*, 892 S.W.2d 20, 37 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). "One of the fundamental components of a fair trial is a neutral and detached judge." *Id.* (citing *Ward v. Village of Monroeville*, 409 U.S. 57, 62, 93 S. Ct. 80, 84, 34 L. Ed. 2d 267 (1972)). "A judge should not act as an advocate nor an adversary for any party." *Id.* (citing *Metzger*, 892 S.W.2d at 38). "'To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed and (2) probable prejudice to the complaining party.'" *Id.* (quoting *Metzger*, 892 S.W.2d at 39).

The scope of review is the entire record. . . . We note that judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . Such remarks may constitute bias if they reveal an opinion deriving from an extrajudicial source; however, when no extrajudicial source is alleged, such remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Barrientos v. Nava*, 94 S.W.3d 270, 291-92 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (internal citations & quotations omitted). In *Barrientos*, the court of appeals concluded that the trial judge held strong opinions about the proposed trustee, but those opinions were based on the testimony and evidence the trial judge heard and saw during trial. *Id.* at 292. As such, the court of appeals concluded that there was no evidence of improper bias. *Id.*

Here, Richie filed a petition to modify the parent-child relationship, and the trial court conducted a final hearing on the petition on November 18, 2021. Richie's trial counsel repeatedly asked Richie questions about actions that transpired in the years preceding the November 18, 2021 hearing. In response, the trial judge noted that he was concerned about what was happening at the time of the hearing and that he had already signed orders addressing the prior actions that served as the basis of much of Richie's testimony. In other words, the testimony and evidence regarding these actions were not relevant regarding the issues to be resolved at the November 18, 2021 hearing. Furthermore, there is no evidence of judicial impropriety or that the trial judge prohibited the parties from trying their case or presenting evidence regarding the matter at hand—

In the Interest of J.A.H., a child                                                                                    Page 4

Richie's petition to modify the parent-child relationship. Accordingly, we reject Richie's contention that the trial judge failed to conduct a "full, fair, and efficient hearing." We overrule her first issue.

## "Medical Negligence"

In her second issue, Richie claims that Hardy committed "Medical Negligence" by allegedly failing to continue with J.A.H.'s psychology treatments. In support of this issue, Richie relies on Rule 707.469 of the Texas Administrative Code and section 261.001(4)(b) of the Texas Family Code. *See* TEX. ADMIN. CODE. ANN. § 707.469; *see also* TEX. FAM. CODE ANN. § 261.001(4)(b).

In her live pleading, Richie did not allege that Hardy committed "Medical Negligence." And because there was no pleading, there is no finding from the trial court on this allegation. Given the absence of a pleading and a finding from the trial court on this allegation, there is nothing preserved for us to review in this issue. *See Cricket Commc'ns, Inc. v. Trillium Indus.*, 235 S.W.3d 298, 311 (Tex. App.—Dallas 2007, no pet.) ("Because there were no pleadings to support their requests for relief under the statute, the trial court did not err in denying attorney's fees." (internal citation omitted)); *see also Celotex Corp. v. Tate*, 797 S.W.2d 197, 207 (Tex. App.—Corpus Christi 1990, writ dism'd) ("Because no jury question was submitted, we have no finding on the issue of successor liability. By its failure to plead non-liability as a successor corporation, Celotex has preserved nothing for review." (internal citation omitted)).

Furthermore, we note that both section 707.469 of the Texas Administrative Code and section 261.004(4)(b) of the Texas Family Code pertain to investigations of child abuse and neglect by the Texas Department of Family and Protective Services and, thus, are not relevant to this proceeding, which involved the modification of a suit affecting the parent-child relationship. *See* TEX. ADMIN. CODE. ANN. § 707.469; *see also* TEX. FAM. CODE ANN. § 261.001(4)(b).

And to the extent Richie challenges testimony from Hardy regarding his alleged failure to continue J.A.H.'s medical treatment, we note that "[b]ecause of the fact-intensive nature of reviewing custody issues, an appellate court must afford great deference to the factfinder on issues of credibility and demeanor because the child's and parent's behavior, experiences, and circumstances are conveyed through words, emotions, and facial expressions that are not reflected in the record." *In re A.D.T.*, 588 S.W.3d 312, 317 (Tex. App.—Amarillo 2019, no pet.) (citing *Chavez v. Chavez*, 148 S.W.3d 449, 458 (Tex. App.—El Paso 2004, no pet.)). At the hearing, Hardy testified that he had taken J.A.H. to psychologist Dr. Michael P. Carey every two or three weeks, although he had missed a few appointments due to scheduling conflicts with the VA. In response to questioning from the trial court, Hardy noted that he intends to continue taking J.A.H. to therapy appointments with Dr. Carey. Based on our review of the record, we cannot say that Richie has directed us to evidence in the record to overcome the great deference

afforded to the factfinder on this issue of credibility and demeanor.  *See id.; see also Chavez*, 148 S.W.3d at 458.  We overrule Richie's second issue.

## "Educational Negligence"

In her third issue, Richie contends that Hardy committed "Educational Negligence" by failing to follow recommendations from J.A.H.'s school.  Like before, Richie did not assert, in her live pleading, the allegation made in this issue.  As such, there is no finding from the trial court on this contention.  Thus, there is nothing preserved in this issue for us to review.  *See Cricket Commc'ns, Inc.*, 235 S.W.3d at 311; *see also Celotex Corp.*, 797 S.W.2d at 207.  Moreover, Richie does not cite any law in support of her contention in this issue.  *See* TEX. R. APP. P. 38.1(i).  Accordingly, we overrule Richie's third issue.

## Conclusion

Having overruled all of Richie's issues on appeal, we affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed November 16, 2022
[CV06]

*(Chief Justice Gray concurs in the Court's judgment.  A separate opinion will not issue.)

